UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JONATHAN L. BUIE,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　Respondent. | Case No. C20-6216-BHS-MLP<br><br>REPORT AND RECOMMENDATION |

## I.   INTRODUCTION

This is a federal habeas action brought under 28 U.S.C. § 2254. On February 3, 2021, Petitioner Jonathan L. Buie ("Petitioner"), proceeding *pro se*, filed a proposed habeas petition seeking to challenge a 2005 judgment and sentence from the Clallam County Superior Court. (Pet. (Dkt. # 5).) Petitioner additionally submitted a "Motion to Compel for Information (Show Cause)" (dkt. # 6) and a "Motion for Vicarious Exhaustion of State Remedies" (dkt. # 7) with his petition. Both the petition and motions have not been served on Respondent.

Following a careful review of the petition, and the balance of the record, this Court concludes Petitioner's habeas petition (dkt. # 5) should be DISMISSED with prejudice and that a

REPORT AND RECOMMENDATION - 1

certificate of appealability be DENIED as to all claims.[1] Consequently, the Court recommends Petitioner's "Motion to Compel for Information (Show Cause)" (dkt. # 6) and "Motion for Vicarious Exhaustion of State Remedies" (dkt. # 7) be DENIED as moot.

## II. BACKGROUND

On December 16, 2020, Petitioner, an inmate at the Coyote Ridge Corrections Center, submitted a proposed 28 U.S.C. § 2254 habeas petition along with a "Motion to Compel for Information (Show Cause)" and a "Motion for Vicarious Exhaustion of State Remedies." (Dkt. # 1.) On December 18, 2021, the Clerk of Court sent Petitioner a letter advising him his submission was deficient due to the filing fee requirement and that he was required to pay the required filing fee of $5.00 or submit an *in forma pauperis* ("IFP") application. (Dkt. # 2.) On January 8, 2021, Petitioner filed an IFP application and resubmitted his petition and motions. (Dkt. # 3.) On January 12, 2021, this Court submitted a Report and Recommendation recommending that Petitioner's IFP application be denied because he was capable of paying the $5.00 filing fee. (R. & R. (Dkt. # 4) at 2.) On February 3, 2021, Petitioner submitted the $5.00 filing fee.

In his petition, Petitioner identifies that he was sentenced for a crime by the Clallam County Superior Court on November 25, 2005, but does not identify any specifics as to the nature of his conviction. (Pet. at 1.) Instead, the petition directs the Court to "see case file" though no case file was submitted to the Court. (*Id.*) Petitioner checked boxes on his petition

---

[1] Petitioner has named the State of Washington as the sole respondent in this matter. As such, Petitioner has failed to name the proper respondent in this matter. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (Failure to name petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.). Rather than grant Petitioner leave to amend his petition to name the correct respondent, the Court recommends dismissal of this matter as it does not appear Petitioner can cure his failure to exhaust state court remedies.

REPORT AND RECOMMENDATION - 2

noting that he pleaded guilty, did not file an appeal regarding his conviction, and that he did not seek further review by the state courts. (*Id.* at 2.)

### III. DISCUSSION

In his petition, Petitioner indicates four grounds for federal habeas relief by reference to an attached document that includes various form-style language. (*See* Pet. at 5, 7, 8, 10.) However, Petitioner does not specifically assert any identifiable grounds or claims related to his underlying conviction. (*See id.*) Petitioner's references to the attached document indicate he believes the State of Washington lacks jurisdictional authority to decide the constitutional issues raised in his petition. (*See id.* at 5-12, 17.)

In addition to his petition, Petitioner submitted a "Motion for Vicarious Exhaustion of State Remedies." (Dkt. # 7.) Petitioner's motion argues the "Vicarious Exhaustion of Remedies Rule (1987)" provides that "if one member of a class [action] (1) satisfies a requirement to exhaust administrative remedies, that is enough for all others similarly to be considered as having exhausted the remedies." (*Id.* at 2.) Petitioner additionally argues that because the Court in *Fischer v. State of Washington*, C20-51-TSZ (W.D. Wash. 2020) found the petitioner in that case exhausted his state court remedies, Petitioner should also be vicariously found to have exhausted his state court remedies in this matter. (*Id.* at 2-3.)

The governing statute makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner

1  must "fairly present" his claims to each appropriate state court for review, including a state

2  supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

3  (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838,

4  845 (1999)).

5  Here, it is clear from the petition that Petitioner has not properly exhausted his claims for

6  relief in the state courts. Based on the materials cited in his petition, Petitioner did not file an

7  appeal of his guilty plea nor has he demonstrated that he presented the precise claims asserted in

8  his federal habeas petition for the state appellate courts' consideration, which is necessary to

9  satisfy the exhaustion requirement. *See Picard*, 404 U.S. at 275-76. Moreover, Petitioner also

10  fails to cite any authority which would support application of the vicarious exhaustion rule in the

11  context of a federal habeas action brought under § 2254.

12  Furthermore, this Court disagrees with the conclusion in *Fischer* that the petitioner there

13  properly exhausted his state court remedies in addition to the fact that the instant matter is readily

14  distinguishable. In *Fischer*, the Honorable Thomas S. Zilly rejected the Magistrate Judge's

15  conclusion that the petitioner failed to exhaust his state court remedies due to the fact Mr.

16  Fischer had filed a petition for discretionary review in the Washington Supreme Court on direct

17  appeal and two personal restraint petitions in the Washington Court of Appeals. *Fischer v.*

18  *Washington*, Case No. C20-51-TSZ, 2020 WL 916189, at *1 (W.D. Wash. Feb. 26, 2020),

19  *certificate of appealability denied*, 20-35253, 2020 WL 3286739 (9th Cir. May 15, 2020).

20  However, in *Fischer*, Mr. Fischer represented to the Court in his habeas petition that although he

21  had filed a direct appeal of his judgment and two personal restraint petitions, he had not

22  presented to the state courts the four constitutional grounds asserted in his petition because he

23  believed the State of Washington lacked jurisdictional authority to decide those constitutional

REPORT AND RECOMMENDATION - 4

issues. (*See Fischer*, Case No. C20-51-TSZ (Dkt. # 3) at 5-12.) This does not constitute proper exhaustion under *Picard*, and therefore, Petitioner here cannot rely on the conclusion in *Fischer* to obtain review of his federal habeas claims.[2] In addition, Plaintiff has failed to demonstrate that an appeal or personal restraint petition were filed i in regard to his guilty plea for *Fischer* to be applicable to his case.

Finally, Petitioner also filed a "Motion to Compel for Information (Show Cause)" with his petition. (Dkt. # 6.) Petitioner's motion requests that Respondent produce evidence relevant to Petitioner's substantive claims. Petitioner's argument does not change the Court's conclusion that 28 U.S.C. § 2254(b)(1) requires him to exhaust the claims asserted in his federal habeas petition in the state courts before he can pursue a federal habeas action.

Accordingly, Petitioner has failed to exhaust his state remedies pursuant to 28 U.S.C. § 254(b)(1). As it does not appear the deficiencies can be cured, the Court recommends that Petitioner's habeas petition and this action be dismissed with prejudice. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citations omitted).

### IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

---

[2] Judge Zilly ultimately dismissed Mr. Fischer's petition with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d). *See Fischer*, 2020 WL 916189 at *1.

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, the Court concludes that Petitioner is not entitled to a certificate of appealability in this matter, and therefore, recommends that a certificate of appealability be denied.

## V. CONCLUSION

The Court recommends Petitioner's habeas petition (dkt. # 5) should be **DISMISSED** with prejudice. The Court additionally recommends that Petitioner's "Motion to Compel for Information (Show Cause)" (dkt. # 6) and "Motion for Vicarious Exhaustion of State Remedies" (dkt. #7) be **DENIED** as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 26, 2021**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Benjamin H. Settle.

\\

\\

REPORT AND RECOMMENDATION - 6

Dated this 5th day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7